## W. A. STOKER v. J. S. WILSON.

### (No. 3585.)

APPEAL from Hill County.   Opinion by WILLSON, J.

*(Transferred from Austin.)*

A. P. McKINNON, counsel for appellant.

B. D. TARLTON, counsel for appellee.

**§ 10.** *Damages; measure of against lessee for failure to perform rent contract; case stated.*   Stoker rented fifty acres of land from Wilson for the year 1883, which land he agreed to cultivate in corn, and to pay Wilson one-third of the crop produced.   This contract was entered into about February 25, 1883.   About ten days thereafter Stoker notified Wilson that he could not comply with the contract, and would not cultivate the land. Wilson made no effort, after receiving this notice, to cultivate or rent out the land, although there was still ample time within which to seasonably plant the same in corn, cotton or millet.   Wilson permitted the land to lie idle during the year, and brought this suit to recover of Stoker the reasonable rent of said land, which he alleged was $199.80 for the year.   He recovered judgment for said amount and costs.   *Held:* The damages recoverable in a case like this are such as are recoverable in other cases of breach of contract, and are governed by the same rules.   [Field on Dam. § 523.]   In this case the measure of damage is the fair market rental value of the land for the year 1883, provided Wilson could not, by the use of ordinary effort and care, have realized some revenue from the land by cultivating or renting it.   If by ordinary effort and care, and at a moderate expense, he could have cultivated the land, or could have rented it, it was his duty to do so, and failing to do so he will not be allowed to recover except for such loss as he could not, by the use of reasonable effort and care, and at a moderate expense, have prevented.   [W. & W. Con. Rep.

§ 1125; 2 W. Con. Rep. §§ 288, 813; Field on Dam. § 21.] It is clear from the evidence that Wilson, by the use of such effort and care, could have rented the land at some price, after he was notified by Stoker that he would not cultivate it. It was not too late in the season for the land to be planted. He certainly could have realized some revenue from it, and, to the extent that he could have prevented loss by the use of ordinary effort, it would be inequitable and contrary to the just rule of law to allow him to recover.

October 31, 1885.          Reversed and remanded.